J-E04001-14

2015 PA Super 146

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HOSPITALITY GROUP SERVICES, INC.; HOSPITALITY GROUP SERVICES, INC. t/d/b/a RAMADA INN; HOSPITALITY GROUP SERVICES, INC. t/d/b/a RAMADA OF LIGONIER; and HOSPITALITY GROUP SERVICES, INC. t/d/b/a RAMADA OF HISTORIC LIGONIER; ROGER N. ALMS; ROSE M. ALMS and TERRI NEMCHECK, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF SEAN M. NEMCHECK, DECEASED, | : | |
| | : | |
| Appellees | : | No. 1430 WDA 2013 |

Appeal from the Order August 8, 2013,
Court of Common Pleas, Westmoreland County,
Civil Division at No. 3543 of 2012

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E., PANELLA, DONOHUE, SHOGAN, MUNDY, OLSON and OTT, JJ.

OPINION BY DONOHUE, J.: **FILED JULY 07, 2015**

Selective Way Insurance Company ("Selective") appeals from the August 8, 2013 order entered by the Westmoreland County Court of Common Pleas granting the motions for summary judgment filed by the appellees in this case. The trial court granted the motions for summary judgment based on its conclusion that the statute of limitations barred Selective's request for a declaratory judgment regarding its duty to defend

and indemnify Hospitality Group Services Inc., Hospitality Group Services, Inc. t/d/b/a Ramada Inn, Hospitality Group Services, Inc. t/d/b/a Ramada of Ligonier, Hospitality Group Services, Inc. t/d/b/a Ramada of Historic Ligonier, Roger N. Alms and Rose M. Alms (collectively, "Hospitality Group") in a lawsuit filed by Terri Nemcheck, individually and as administratrix of the estate of Sean M. Nemcheck, deceased ("the Nemcheck Action"). Specifically, the trial court found that, as a matter of law, the statute of limitations for an insurance carrier to file a declaratory judgment action regarding its duty to defend and indemnify its insured begins to run at the time the insurance company receives the civil complaint in an action against its insured. Following our review of the law in this area, we conclude that this is an incorrect statement. Instead, the statute of limitations for the filing of a declaratory judgment action brought by an insurance company regarding its duty to defend and indemnify begins to run when a cause of action for a declaratory judgment arises. This requires a determination by the trial court of when the insurance company had a sufficient factual basis to support its contentions that it has no duty to defend and/or indemnify the insured.[1]

---

[1] As stated, we hold that the statute of limitations begins to run for the filing of a declaratory judgment action by an insurance company regarding its duty to defend and indemnify an insured in a third party's action when the insurance company has a sufficient factual basis for it to conclude that the insurance policy does not provide coverage for any of the claims raised in the third party's action. The learned Dissent appears to agree with this

A summary of the relevant facts and procedural history is as follows. On February 19, 2006, the vehicle driven by seventeen-year-old Sean Nemcheck left the road and struck a fence, causing debris to strike him in the head. The vehicle ended up submerged in a six-foot-deep pond. He died as a result of this accident. His blood alcohol level at the time of his death was 0.14 g/ml. The accident occurred after he worked a shift in the kitchen and banquet hall of the Ramada Inn in Ligonier. Sean Nemcheck's shift began at 11:00 a.m. on February 18, 2006 and lasted until 3:06 a.m. on February 19, 2006. Sean Nemcheck consumed alcohol that he allegedly obtained from the Ramada Inn during his sixteen-hour shift.

On August 1, 2007, Terri Nemcheck ("Nemcheck") filed the complaint to commence the Nemcheck Action, which sounded in negligence per se, negligent supervision/management, and ordinary negligence, and included a claim for punitive damages. Hospitality Group had previously sent a copy of

---

determination. *See* Diss. Op. at 2 (Ford Elliott, P.J.E., dissenting) ("the statute of limitations for filing a declaratory judgment action begins to run when the insurer is on notice of a coverage dispute, be it upon the review of the complaint, the completion of discovery, the ultimate resolution of the underlying lawsuit, or any other event which would provide actual notice"). We and the Dissent appear to disagree only with respect to this Court's authority to make the factual determination as to when Selective in fact had a sufficient factual basis to conclude that it did not have a duty to defend and indemnify Hospitality Group in the Nemcheck Action, triggering the running of the statute of limitations for Selective to file a declaratory judgment action. *See id.* 6-7, 8. Although we typically would remand the case for the trial court to analyze and decide when Selective had a sufficient factual basis to trigger the running of the statute of limitations, we do not do so in this case because, as stated infra, the case is technically moot based upon the settlement reached in the Nemcheck Action.

the complaint to Selective, through which Hospitality Group had three policies of insurance at the time of Sean Nemcheck's death – a general liability policy, a liquor liability policy, and a commercial umbrella policy. Selective provided a defense subject to a reservation of rights. In its reservation of rights letter dated July 31, 2007, Selective advised Hospitality Group that it was unsure whether it had a duty to defend and/or indemnify Hospitality Group in the Nemcheck Action and that coverage counsel would review the complaint and pertinent case law.

Selective filed a complaint on June 6, 2012, and an amended complaint on October 29, 2012, seeking a declaration that it had no duty to defend or indemnify Hospitality Group in the Nemcheck Action. Nemcheck and Hospitality Group filed preliminary objections to the amended complaint on November 14 and 15, 2012, respectively, which the trial court overruled on February 14, 2013. Nemcheck and Hospitality Group each filed an answer, new matter and counterclaim[2] on March 1 and 6, 2013, respectively, asserting therein, in relevant part, that the statute of limitations barred Selective from obtaining the relief it sought. On March 22, 2013, Selective filed replies to the new matters, denying, inter alia, that the applicable statute of limitations barred its declaratory judgment action.

---

[2] The counterclaims filed by the appellees sounded in bad faith based upon Selective's handling of Hospitality Group's claim. On March 15, 2013, the parties stipulated to the discontinuance of the counterclaims.

On May 31, 2013 and June 4, 2013, respectively, Hospitality Group and Nemcheck filed motions for summary judgment on several bases, including the running of the four-year statute of limitations applicable in declaratory judgment actions. Selective filed its own motion for summary judgment on June 4, 2013 and filed responses in opposition to the appellees' motions for summary judgment on July 1, 2013. Nemcheck and Hospitality Group filed responses to Selective's motion for summary judgment on July 1 and 3, 2013, respectively.

On August 8, 2013, the trial court filed an opinion and order granting the motions for summary judgment filed by the appellees based upon its finding that the four-year statute of limitations began to run for the filing of a declaratory judgment action regarding Selective's duty to defend and indemnify Hospitality Group in the Nemcheck Action "[a]t the moment Selective became aware of the allegations in the [c]omplaint[.]" Trial Court Opinion and Order, 8/8/13, at 3. It therefore found untimely Selective's complaint seeking a declaratory judgment, as it was filed nearly five years after Selective received the Nemcheck complaint. The trial court further stated that, "based upon this determination, we [sic] need not address whether there is liability coverage for compensatory and punitive damages or an obligation to defend Defendants Hospitality Group under the terms of the insurance policy." *Id.* at 4-5. Nonetheless, in its order granting summary judgment in favor of Nemcheck and Hospitality Group, the trial

court stated: "It is further **ORDERED** that the package of policies at issue in the [c]omplaint for [d]eclaratory [j]udgment provide coverage for the claims made [in the Nemcheck Action.]" *Id.* at 7 (emphasis in the original).

On September 5, 2013, Selective filed a notice of appeal and timely complied with the trial court's order for the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 3, 2013, the trial court issued a statement in lieu of a written opinion pursuant to Pa.R.A.P. 1925(a), stating that it adequately addressed in its August 8, 2013 opinion and order all of the issues Selective raised on appeal. On May 9, 2014, this Court sua sponte listed the case to be heard before the Court en banc.

On appeal, Selective presents the following issues for our review:

> [1.] Whether Selective Way's complaint for declaratory judgment is timely within the statute of limitations?
>
> [2.] Whether unambiguous policy exclusions relieve Selective Way of its duty to defend and indemnify Hospitality Group against claims made in the Nemcheck Action?

Selective's Brief at 5.

Prior to addressing the merits of the issues raised, we must first determine whether the issues presented in the appeal before us are moot. Following the filing of this appeal, but prior to oral argument before this Court en banc, Selective reached a settlement in the Nemcheck Action,

which Nemcheck and Hospitality Group contend renders the issues on appeal before us moot and unreviewable. Nemcheck's Supplemental Brief at 3-11; Hospitality Group's Supplemental Brief (Mootness) at 3-8. Selective concedes that the settlement renders moot the issues raised on appeal. Selective's Supplemental Brief at 14. Selective asserts, however, that its claim regarding the timeliness of its declaratory judgment action qualifies as an exception to the mootness doctrine, permitting this Court to decide the issue on its merits. *Id.* at 15-16. Selective makes no argument regarding the reviewability of the second issue raised on appeal concerning its duty to defend and indemnify Hospitality Group in the Nemcheck Action.

The mootness doctrine requires that there is an actual case or controversy at all stages of review. ***Pilchesky v. Lackawanna Cnty.***, 88 A.3d 954, 964 (Pa. 2014). "[A]n issue may become moot during the pendency of an appeal due to an intervening change in the facts of the case[.]" *Id.* "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." ***Johnson v. Martofel***, 797 A.2d 943, 946 (Pa. Super. 2002). Appellate courts in this Commonwealth have recognized three exceptions, permitting decision on an issue despite its mootness: "1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some

detriment due to the decision of the trial court." **In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) (en banc) (citations omitted).

Selective contends that the question of the running of the applicable statute of limitations in this case satisfies all three of the exceptions, but specifically concentrates on the third exception, maintaining that "Selective will suffer a detriment in a collateral legal proceeding if the order of the trial court remains in effect." Selective's Supplemental Brief at 15. According to Selective, while this case was pending on appeal, Hospitality Group initiated a lawsuit against Selective for breach of contract and bad faith ("the Hospitality Group Action").[3] **Id.** at 10. Selective states that Hospitality Group bases its action, in part, on Selective filing its declaratory judgment action beyond the expiration of the applicable statute of limitations. **Id.** at

---

[3] The certified record on appeal does not contain any information relating to the Hospitality Group Action. Although Selective included in its supplemental reproduced record the complaint and correspondence related to the Hospitality Group Action, this does not allow us to consider the documents in deciding the appeal, as we may not consider documents solely included in the reproduced record. **See Krafft v. Downey**, 68 A.3d 329, 338 n.11 (Pa. Super. 2013), *appeal denied,* 83 A.3d 169 (Pa. 2013). Hospitality Group, however, agrees that it filed the Hospitality Group Action and that it alleges bad faith by Selective in its handling of Hospitality Group's claim regarding the Nemcheck Action. Hospitality Group's Supplemental Brief (Mootness) at 7. Hospitality Group further agrees that "one of the allegations of bad faith […] is that Selective [] filed its [d]eclaratory [j]udgment [a]ction after the expiration of the statute of limitations." **Id.** As only the existence of the collateral legal proceeding in which Hospitality Group raises this claim is necessary for us to decide whether Selective's claim satisfies an exception to the mootness doctrine, the absence from the certified record of information associated with the Hospitality Group Action does not hamper our review.

10-11. Selective argues that "[i]f this appeal is not heard and the trial court order stands, the issue of whether Selective untimely filed is declaratory judgment action has been adjudicated and Selective may be liable to its insureds for breach of contract and bad faith in the Hospitality Group Action." *Id.* at 15. Thus, Selective asserts that if the first issue it raises in the instant appeal is dismissed as moot, "Selective would suffer detrimental consequences in [the] collateral bad faith proceeding." *Id.* at 15-16.

Hospitality Group and Nemcheck disagree that any of the exceptions to the mootness doctrine apply to permit this Court to review the issues raised by Selective on appeal. Hospitality Group acknowledges that its bad faith action against Selective is pending and that it raises claims therein based upon Selective filing the declaratory judgment action beyond the expiration of the statute of limitations. Hospitality Group's Supplemental Brief (Mootness) at 7. It asserts, however, that by deciding the issue of whether the trial court erred by finding that Selective filed its declaratory judgment action out of time in this appeal, "this Court would be rendering an advisory opinion for the [t]rial [c]ourt to follow in deciding this particular facet of the bad faith claim." *Id.* Hospitality Group does not directly address Selective's claim that it would suffer a detriment in the Hospitality Group Action absent our review of the first issue raised in the instant appeal.

Nemcheck asserts that Selective will not suffer a detriment because of the trial court's decision, positing that Selective's argument in this respect is

"mere hyperbole." Nemcheck's Supplemental Brief at 10. Rather, Nemcheck states that the declaratory judgment action and the Hospitality Group Action are based on different sets of facts, governed by different legal standards, and decided pursuant to different burdens of proof. *Id.* Thus, the trial court's decision in the Hospitality Group Action is not "*dependent upon*" the trial court's determination in the declaratory judgment action, which, according to Nemcheck, is what case law discussing this exception to the mootness doctrine requires. *Id.* (emphasis in the original).

Initially, we note that case law discussing the third exception to the mootness doctrine expressly requires only that a party "will suffer **some detriment** due to the trial court's decision," which can be "collateral legal consequences of the court order." *In re L.Z.*, 91 A.3d 208, 212 (Pa. Super. 2014) (en banc) (emphasis added), *rev'd on other grounds*, 111 A.3d 1164 (Pa. 2015). Although Nemcheck is correct that the Hospitality Group Action differs in many respects from the declaratory judgment action in this matter, the legal conclusion reached by the trial court in the declaratory judgment action – that the statute of limitations expired prior to Selective filing its complaint – would nonetheless be binding on the trial court in the Hospitality Group Action. "Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." *Griffin v. Cent. Sprinkler Corp.*, 823 A.2d 191, 195 n.3 (Pa. Super. 2003)

(quoting **Balent v. City of Wilkes-Barre**, 669 A.2d 309, 313 (Pa. 1995))

(internal citations omitted).

> Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

**Weissberger v. Myers**, 90 A.3d 730, 733 (Pa. Super. 2014) (citation

omitted).

Here, the question of whether Selective filed its declaratory judgment

action out of time meets all of the elements of collateral estoppel. It is

uncontested that in the Hospitality Group Action, Hospitality Group bases

several allegations of bad faith in its complaint upon Selective filing its

complaint for declaratory judgment after the expiration of the statute of

limitations and that the expiration of the statute of limitations was the basis

for the dismissal of the declaratory judgment action. **See** Hospitality

Group's Supplemental Brief (Mootness) at 7; Selective's Supplemental Brief

at 10. The trial court finally decided the question of whether the applicable

statute of limitations ran prior to Selective filing its complaint in the

declaratory judgment action. Selective (the party against which collateral

estoppel would be asserted) was a party to the declaratory judgment action

and had a full opportunity to litigate the statute of limitations issue at that time. Selective fully briefed its arguments and does not contend on appeal that it was somehow denied the opportunity to present its case on the issue. *See, e.g., Spisak v. Edelstein*, 768 A.2d 874, 877-78 (Pa. Super. 2001) (finding the appellant had a full and fair opportunity to litigate issue where the issue was raised before the trial court in a prior action, the trial court ruled on that issue, and the appellant failed to seek reconsideration of the trial court's decision or file an appeal). The trial court rendered a decision on the merits of the statute of limitations question, which was unquestionably essential to its decision, as it dismissed the declaratory judgment action on that basis. *Cf. Griffin*, 823 A.2d at 195 (finding the doctrine of collateral estoppel inapplicable on the question of whether the statute of limitations had run as the prior order did not decide the statute of limitations question on the merits; the court dismissed the appellants' petition for failure to file a supporting brief).

As the doctrine of collateral estoppel applies to the statute of limitations question, we conclude that Selective would suffer a detriment in the Hospitality Group Action if we were to forego appellate review of the trial court's decision. Absent our review of this issue, the trial court's finding that Selective filed its complaint in the declaratory judgment action out of time would be binding on the trial court in the Hospitality Group Action and could

provide a basis of liability for bad faith, as Selective would be precluded from re-litigating this question.

The second issue raised by Selective on appeal, regarding whether it in fact had a duty to defend and/or indemnify Hospitality Group in the Nemcheck Action, does not satisfy any of the exceptions to the mootness doctrine. First, the great public importance exception is rarely invoked by appellate courts to decide moot issues, **see In re Gross**, 382 A.2d 116, 122 (Pa. 1978), and in the absence of advocacy from Selective that this issue somehow satisfies this exception to the mootness doctrine, we decline to so find sua sponte.

Second, the substantive question as to whether or not Selective had a duty to defend and/or indemnify Hospitality Group is not likely to evade review such that the second exception to the mootness doctrine applies. To the contrary, our research reveals that this Court has previously been able to timely decide appeals from declaratory judgment actions concerning an insurance company's duty to defend a policyholder based upon the language of the insurance policy at issue. **See, e.g., State Farm Fire & Cas. Co. v. DeCoster**, 67 A.3d 40 (Pa. Super. 2013); **Old Guard Ins. Co. v. Sherman**, 866 A.2d 412 (Pa. Super. 2004). We note that the appellate timeline in this case was unusually lengthy because of the certification for en banc review.

Lastly, Selective will not suffer a detriment if we do not decide the coverage issue in this appeal. We observe that the trial court made

contradictory statements in its opinion and order, first stating that because it was dismissing the declaratory judgment action on timeliness grounds, the trial court "need not address whether there is liability coverage for compensatory and punitive damages or an obligation to defend [] Hospitality Group under the terms of the insurance policy." Trial Court Opinion and Order, 8/8/13, at 4-5. In the same opinion and order, the trial court stated that the insurance policies at issue "provide coverage for the claims made [in the Nemcheck Action.]" **Id.** at 7. The doctrine of collateral estoppel is inapplicable to this latter conclusion, however, because this determination was not "essential to the judgment" in the declaratory judgment action. **See Weissberger**, 90 A.3d at 733. The trial court dismissed the case based upon its finding that the statute of limitations elapsed prior to Selective filing its complaint. Thus, the trial court's statement that the policies at issue provide coverage for the claims made in the Nemcheck Action is not binding upon the trial court in the Hospitality Group Action, providing us no basis to review this otherwise moot question.[4]

Having found that the first issue on appeal is properly before us for review, we now turn to address its merits. We review a trial court's decision

---

[4] In its appellate brief, Selective states that it only included argument on the second issue in an abundance of caution to avoid a finding of waiver on appeal. Selective's Supplemental Brief at 25. In their briefs on appeal, Hospitality Group and Nemcheck agree that the trial court did not decide the substantive question of whether the insurance policies at issue provide coverage for the claims raised in the Nemcheck Action. **See** Hospitality Group's Brief at 14; Nemcheck's Brief at 29.

to grant summary judgment for an abuse of discretion or error of law. ***PHH Mortgage Corp. v. Powell***, 100 A.3d 611, 616 (Pa. Super. 2014). Our scope of review is plenary. ***Id.***

The trial court found that Selective filed its complaint for declaratory judgment beyond the applicable four-year statute of limitations. Trial Court Opinion and Order, 8/8/13, at 4. Relying on ***Aetna Cas. & Sur. Co. v. Roe***, 650 A.2d 94, 100 (Pa. Super. 1994), the trial court stated that "an analysis with respect to coverage is dependent upon the allegations in the [c]omplaint, just as an analysis with respect to the insurer's obligation to defend is dependent upon the allegations in the [c]omplaint." Trial Court Opinion and Order, 8/8/13, at 4. The trial court thus concluded that the statute of limitations began to run when Selective received the complaint in the Nemcheck Action, as "that moment was Selective's first opportunity to 'compare the four corners of the insurance contract with the four corners of the complaint,'" and that the declaratory judgment action, filed nearly five years thereafter, was untimely. ***Id.*** at 3-4.

Selective asserts that this conclusion constitutes an error of law. Selective contends that the trial court confused and combined the standards for an insurer's duty to defend an insured and the standard for the running of the statute of limitations for a declaratory judgment action. Selective's Substituted Brief at 12. According to Selective, an actual controversy regarding its duty to defend did not arise in this case when it received the

complaint in the Nemcheck Action, as it provided a defense pursuant to its reservation of rights letter. *Id.* at 14. "Rather, the logical triggering point [for the running of the statute of limitations] is when the carrier denies coverage to the insured." *Id.* at 22.

Selective asserts that the denial of coverage also triggers the statute of limitations for a declaratory judgment action regarding an insurance company's duty to indemnify. *Id.* Selective states that the trial court's finding that the statute of limitations had run on a declaratory judgment action concerning Selective's duty to indemnify Hospitality Group in the Nemcheck Action was erroneous. Citing case law from the United States District Court for the Western District of Pennsylvania, Selective states that the duty to indemnify does not arise until "the insured is held liable for a claim actually covered by the policy." *Id.* at 21 (quoting *USX Corp. v. Adriatic Ins. Co.*, 99 F.Supp.2d 593, 611 (W.D. Pa. 2000), *aff'd*, 345 F.3d 190 (3d Cir. 2003)).

In the alternative, Selective argues that if this Court is inclined to find that the triggering event for the running of the statute of limitations for the filing of a declaratory judgment action on its duty to defend and indemnify was when Selective was aware that the claims made in the Nemcheck Action fell outside of the coverage provided under the insurance policies, then the statute of limitations did not begin to run until February 13, 2009 – the date of the deposition of Matthew White ("White"). *Id.* at 23. According to

Selective, White's testimony at his deposition "was the first record evidence that placed this claim outside of the coverage afforded in the [p]olicy." *Id.*

Hospitality Group agrees with the trial court's determination regarding when the statute of limitations began to run as to both Selective's duty to defend and indemnify Hospitality Group in the Nemcheck Action. Hospitality Group's Brief at 7-8. Hospitality Group asserts that from the standpoint of an insurer, an actual controversy exists as to whether it has a duty to defend and/or indemnify an insured once the insurer is aware "that certain facts of the claim do not fit within the confines of the policy coverage provisions." Hospitality Group's Supplemental Brief at 4. According to Hospitality Group, in claiming that it did not have a duty to defend and/or indemnify Hospitality Group in the Nemcheck Action, Selective relied upon information contained in Nemcheck's complaint and Selective's own reservation of rights letter. Hospitality Group's Brief at 11-12. Thus, Selective's comparison of Nemcheck's complaint and the insurance policies at issue "should have enabled Selective to timely file its [d]eclaratory [j]udgment [a]ction" within four years of receiving the complaint in the Nemcheck Action, as an actual controversy arose at that time. *Id.* at 12.

Hospitality Group further asserts that the record belies Selective's contention that White's deposition is an appropriate trigger for the running of the statute of limitations on the declaratory judgment action in question. Hospitality Group states that Selective paid the attorneys' fees for counsel to

represent Hospitality Group in the Liquor Code Enforcement proceeding, at which White provided testimony that comported, in relevant part, with his deposition testimony in the Nemcheck Action. *Id.* at 12-13. The Liquor Code Enforcement hearing, the findings of fact by the administrative law judge, the appeal to the Liquor Control Board, and the resolution of the de novo appeal to the trial court all occurred more than four years prior to Selective filing its complaint for declaratory judgment.[5] *Id.* at 13. Thus, Hospitality Group argues that to the extent this Court is inclined to find that the complaint contained insufficient information to create an actual controversy, Selective still had all of the information it claims to have needed more than four years prior to the filing of its declaratory judgment action, rendering Selective's alternative argument meritless. *Id.*

Like Hospitality Group, Nemcheck agrees with the trial court's conclusion that the statute of limitations ran for the filing of a declaratory judgment action concerning Selective's duty to defend and indemnify Hospitality Group in the Nemcheck Action. Nemcheck's Brief at 33-35. Nemcheck further asserts that although an actual controversy could arise prior to an insurance company's receipt of a civil complaint, thus triggering the running of the statute of limitations for a declaratory judgment action,

---

[5] We observe that while represented by the same counsel, Hospitality Group further appealed this decision to the Commonwealth Court, which affirmed the trial court's decision in a memorandum opinion on June 18, 2009. *See Pennsylvania State Police v. Hospitality Grp. Servs., Inc.*, 2009 WL 9101457 (Pa. Commw. June 18, 2009).

"the obligation of the insurer to determine whether the claim is covered begins, at the *very latest*, on the date on which the complaint is received." *Id.* at 35-36 (emphasis in the original). According to Nemcheck, "[i]f the basis for questioning the existence of coverage is apparent from the face of the complaint, the ability of the insurer (or the insured) to file a declaratory judgment action begins no later than on that date, as an actual controversy exists." *Id.* at 36; *see also id.* at 39 ("The filing of a complaint against the insured is the specific time at which the Pennsylvania Appellate Courts contemplate that an insurer will make a determination of coverage and, in the face of uncertainty, file a declaratory judgment action. *See, e.g.[,] Am. & Foreign Ins. Co.* [*v. Jerry's Sport Ctr., Inc.*], 2 A.3d [526,] 541-542 [(Pa. 2010)]."). As Selective identified several bases that potentially negated its duty to defend and/or indemnify Hospitality Group in the Nemcheck Action in its July 31, 2007 letter, all of which were clearly apparent on the face of the complaint, the statute of limitations for its filing of a declaratory judgment action commenced on that date. *Id.* at 37.

The law is clear that when an insured who has been sued requests coverage under a policy of insurance, the insurer is required to accept all of the allegations contained in the third party's complaint as true and provide a defense if there is a chance that the injury alleged could potentially fall within the scope of the policy. *Am. & Foreign Ins. Co.*, 2 A.3d at 541.

> The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. An insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy.

*Id.* (internal citations omitted). "[T]he duty to defend is not limited to meritorious actions; it even extends to actions that are groundless, false, or fraudulent as long as there exists the possibility that the allegations implicate coverage." *Id.* (citations and quotation marks omitted). "The duty to defend persists until an insurer can limit the claims such that coverage is impossible." *Lexington Ins. Co. v. Charter Oak Fire Ins. Co.*, 81 A.3d 903, 911 (Pa. Super. 2013) (emphasis omitted).

Like the duty to defend, an insurance company's duty to indemnify an insured in a third party's action "flow[s] from a determination that the complaint triggers coverage." *Gen. Acc. Ins. Co. of Am. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997). The substantive duty of an insurance company to indemnify its insured in a third party's action, however, "arises only when the insured is determined to be liable for damages within the coverage of the policy." *Regis Ins. Co. v. All Am. Rathskeller, Inc.*, 976 A.2d 1157, 1161 (Pa. Super. 2009) (citation omitted).

Although not required by law, a party may initiate a declaratory judgment action for the court to make a determination of coverage of a

claimed injury under an insurance policy. ***Aetna Cas. & Sur. Co.***, 650 A.2d at 99. "Declaratory judgments are nothing more than judicial searchlights, switched on at the behest of a litigant to illuminate an existing legal right, status or other relation." ***Wagner v. Apollo Gas Co.***, 582 A.2d 364, 365 (Pa. Super. 1990) (citation omitted). The Declaratory Judgments Act[6] empowers courts "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and these declarations "have the force and effect of a final judgment or decree." 42 Pa.C.S.A. § 7532. To bring a declaratory judgment action,

> there must exist an actual controversy[, as] [d]eclaratory judgment is not appropriate to determine rights in anticipation of events which may never occur. It is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation.

***Bromwell v. Michigan Mut. Ins. Co.***, 716 A.2d 667, 670 (Pa. Super. 1998).

This Court has held that the four-year catchall statute of limitations is appropriate for declaratory judgment actions regarding the parties' rights and duties under a contract. ***Wagner***, 582 A.2d at 366; ***see*** 42 Pa.C.S.A. § 5525(a)(8) (stating that a four-year statute of limitations applies to "[a]n action upon a contract, obligation or liability founded upon a writing not

---

[6] 42 Pa.C.S.A. §§ 7531-7541.

specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter").

The statute of limitations for a cause of action begins to run "from the time the cause of action accrued." 42 Pa.C.S.A. § 5502(a). "In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). It is clear that the legislature intended for declaratory judgments to be subject to a limitations period. *See* 42 Pa.C.S.A. 7538(a) (stating that "[j]udicial relief based on a declaratory judgment or decree may be granted whenever necessary or proper subject to Chapter 55 (relating to limitation of time)"). It provided no indication, however, as to the appropriate limitations period for a declaratory judgment action.

Pennsylvania case law on this issue is scarce and provides little guidance in the matter before us.[7] Although this Court in *Wagner* held that

---

[7] Case law from other jurisdictions likewise sheds little light on the subject. We agree with the assessment of the law provided by now-retired Judge Charles E. Moylan, Jr., formerly of the Court of Special Appeals of Maryland, that "[t]he case law throughout the country on this admittedly esoteric subject is extremely skimpy." *Commercial Union Ins. Co. v. Porter Hayden Co.*, 698 A.2d 1167, 1193 (Md. Ct. Spec. App. 1997). A case decided by the California Supreme Court in 1944, followed by three of our sister states, holds that the statute of limitations for a declaratory judgment action begins to run when a breach occurs. *Maguire v. Hibernia Sav. & Loan Soc.*, 146 P.2d 673, 681 (Cal. 1944); *see also Niles v. Eldridge*, 828 N.W.2d 521, 526 (N.D. 2013); *Commercial Union Ins. Co.*, 698 A.2d at 1193; *W. Cas. & Sur. Co. v. Evans*, 636 P.2d 111, 114-15 (Ariz. Ct. App.

the four-year catchall statute of limitations contained in section 5525(a)(8) applies to declaratory judgment actions concerning the parties' rights and duties under a written contract, the **Wagner** Court did not specify when the statute of limitations for such an action begins to run.[8]  In **Wagner**, both parties allegedly breached the written contract concerning the Wagners' provision of natural gas to Apollo – Apollo in 1974 and 1975, when it failed to pay price increases, and the Wagners in 1975, when they ceased providing gas to Apollo, and again in 1981, when they removed their gas meter.  **Wagner**, 582 A.2d at 365.  The parties began to correspond with one another in or around March of 1985 about resuming the sale of gas, but could not agree on the terms.  **Id.** at 366-67.  The **Wagner** Court did not find any of the aforementioned alleged breaches or the disagreement as to the terms of the contract triggered the limitations period for a declaratory judgment action, as it found "no indication that a controversy arose as to the

---

1981).  The **Maguire** decision states that a declaratory judgment action can be brought prior to a breach without triggering the running of the statute of limitations if there exists an actual controversy.  **Id.**  This does not comport with Pennsylvania law regarding the commencement of the limitations period.  **See** 42 Pa.C.S.A. § 5502(a) ("The time within which a matter must be commenced under this chapter shall be computed … from the time the cause of action accrued[.]"); **Fine**, 870 A.2d at 857 ("In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion.").  Furthermore, we observe that Maryland's adherence to **Maguire**'s holding in this respect is questionable. **See Allied Inv. Corp. v. Jasen**, 731 A.2d 957, 967 (Md. 1999).

[8]  Neither the trial court nor any party contends that the section 5525(a)(8) four year catchall statute of limitations identified in **Wagner** is improper. We therefore do not address this question.

continued validity of the contract" at any of those times. *Id.* at 367. Rather, without specifying a date or the triggering event, the Court found that "the present controversy ripened into a cause of action for declaratory judgment in 1987," which was the same year the Wagners filed their declaratory judgment action. *Id.*

The only other Pennsylvania appellate case to discuss (albeit briefly and in a footnote) the triggering event for the running of the statute of limitations for the filing of a declaratory judgment action is *Zourelias v. Erie Ins. Grp.*, 691 A.2d 963 (Pa. Super. 1997). In that case, Zourelias suffered injuries in a car accident that occurred in 1986. *Id.* at 964. The court dismissed his personal injury suit because his attorney filed it beyond the applicable limitations period. *Id.* Zourelias then brought a legal malpractice action against his former attorney and obtained a judgment of $100,000 for the attorney's professional negligence in 1995, but the attorney did not have insurance coverage for professional negligence and had no known assets. *Id.* Zourelias contacted his automobile insurance carrier that was insuring him at the time of the accident seeking $50,000.00 in underinsured or $100,000.00 in uninsured motorist benefits. *Id.* The insurance company denied coverage. *Id.* On May 31, 1996, Zourelias commenced a declaratory judgment action asserting entitlement to underinsured or uninsured motorist benefits from the insurance company. *Id.* The insurance company contended that the statute of limitations had

expired, but this Court disagreed. We stated that because a cause of action for a declaratory judgment does not accrue until there is an actual controversy, the statute of limitations did not begin to run in that case until the insurance company denied the insured's request for coverage. *Id.* at 964 n.2. We therefore found timely the declaratory judgment action filed within four years of the insurance company denying coverage. *Id.*

In the absence of a rule promulgated by our Supreme Court or a statute stating otherwise, the statute of limitations commences to run, in relevant part, when "the cause of action accrued." 42 Pa.C.S.A. § 5502(a)-(b). In light of this clear, unambiguous directive by the Pennsylvania Legislature, we are unable to adopt an alternative trigger for the commencement of the statute of limitations. *See* 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

For that reason, we disagree with Selective that *Zourelias* is instructive in the case at bar and that the denial of coverage is the appropriate point to begin the limitations period for a declaratory judgment action filed by an insurance company. A cause of action for a declaratory judgment accrues when an actual controversy exists between the parties. *Com., Office of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014). Our Supreme Court has stated that "[t]he court's role in the declaratory judgment action is to resolve the question of coverage to eliminate

uncertainty. If the insurer is successful in the declaratory judgment action, it is **relieved of the continuing obligation to defend**." ***Am. & Foreign Ins.***, 2 A.3d at 542 (emphasis added). Thus, according to our Supreme Court, if an insurance company is uncertain about its duty to defend an insured in a third party's action, it is expected and anticipated that the insurance company will bring a declaratory judgment action concerning its duty to defend prior to denying coverage to an insured. The denial of coverage certainly **could** be when an actual controversy arises between an insurance company and an insured, warranting the filing of a declaratory judgment action. ***See, e.g., Zourelias***, 691 A.2d at 964; ***see also*** 42 Pa.C.S.A. § 7534 ("A contract may be construed [under the Declaratory Judgments Act] either before or after there has been a breach thereof."). It cannot, however, be the only basis for finding an actual controversy exists as Selective advocates. Such a holding (that the denial of coverage is the point in time when an actual controversy arises) would eliminate an insurance company's ability to bring a declaratory judgment action prior to denying or terminating the provision of a defense for an insured, which is in direct contravention to the above-quoted statement by our Supreme Court.

Selective's argument that the statute of limitations for it to file a declaratory judgment action regarding its duty to indemnify an insured in a third party's action should not commence until it denies coverage fails for the same reason. We agree with Selective that an insurance company's

substantive duty to indemnify an insured in a third party's action does not arise until there is a verdict. **See** Selective's Substituted Brief at 21; **Regis Ins. Co.**, 976 A.2d at 1161. A declaration regarding an insurance company's duty to defend, however, is inextricably intertwined with its duty to indemnify because both are based upon a determination of whether the insurance policy in question provides coverage for the claims made. **See Gen. Acc. Ins. Co. of Am.**, 692 A.2d at 1095 ("Although the duty to defend is separate from and broader than the duty to indemnify, both duties flow from a determination that the complaint triggers coverage."); **Mut. Ben. Ins. Co. v. Haver**, 725 A.2d 743, 747 (Pa. 1999) ("[I]n determining whether a carrier has a duty to defend or indemnify an insured we look to the complaint filed against the insured."). If an insurance company does not have a duty to defend an insured in a third party's action, it cannot have a duty to indemnify. **Am. Nat. Prop. & Cas. Companies v. Hearn**, 93 A.3d 880, 884 (Pa. Super. 2014).

> The question before a court in a declaratory judgment action is not whether the insurer owes **indemnification** in a specific amount, which would be a premature inquiry absent a full resolution of the underlying action. Instead, the question is whether the insurer has a **duty** to indemnify the insured **in the event of** liability in the underlying action. A court can answer such a question because it is within the scope of a court's power pursuant to the Declaratory Judgments Act.

**Id.** (emphasis in the original).

The question of an insurance company's duty to indemnify an insured in a third party's action is properly considered in a declaratory judgment action at the same time as the court determines whether an insurance company has a duty to defend. *Id.* at 1096. We acknowledge that a declaration that an insurance company has a duty to defend will yield only "a conditional obligation to indemnify in the event the insured is held liable for a claim covered by the policy." *Gen. Acc. Ins. Co. of Am.*, 692 A.2d at 1095 (citation omitted). Nonetheless, for purposes of determining the triggering event for the commencement of the statute of limitations to file a declaratory judgment action, we cannot disentangle the duty to indemnify from the duty to defend because both relate to the question of whether the policy provides coverage. *Id.*

We also disagree with the trial court's conclusion that the statute of limitations for filing a declaratory judgment action necessarily began to run on Selective's duty to defend and indemnify Hospitality Group on the date Selective received the complaint in the Nemcheck Action. There is no antagonistic claim, actual controversy, or inevitable litigation from the insurance company's point of view until it concludes that the claims made in a third party's action are "confined to a recovery that the policy does not cover." *See Am. & Foreign Ins. Co.*, 2 A.3d at 542; *Bromwell*, 716 A.2d at 670. Until an insurance company has a sufficient factual basis to decline to defend (and thus, decline to indemnify) its insured in a third party's

action, there is no justiciable controversy for the trial court to decide, and no cause of action for declaratory judgment. *See Donahue*, 98 A.3d at 1229; *Bromwell*, 716 A.2d at 670.

It is true that in some cases – including *American & Foreign Insurance Co.* and *Aetna Casualty & Surety Co.*, upon which the appellees and the trial court rely – the receipt of the complaint by the insurance company would trigger the running of the limitations period for filing a declaratory judgment action regarding an insurance company's duty to defend and indemnify. Common to both *American & Foreign Insurance Co.* and *Aetna Casualty & Surety Co.* is that the respective insurance companies made a determination based solely on the complaint or amended complaint that the defense and indemnification requests made were for claims that the insurance policies did not provide coverage.[9] Thus,

---

[9] In *American & Foreign*, the insurance company provided the insured with commercial liability and umbrella policies, which insured against, inter alia, bodily injury. *Am. & Foreign Insurance Co.*, 2 A.3d at 529. During the coverage period, the insured was named as a defendant in a lawsuit filed against numerous firearms wholesalers and distributers brought by the National Association for the Advancement of Colored People and the National Spinal Cord Injury Association. The complaint alleged that the defendants caused bodily injury to association members and "sought injunctive relief and monetary damages to establish a fund for the education, supervision and regulation of gun dealers," but not damages to compensate the association members injured. *Id.* The insured sought defense and indemnification, asserting that the complaint fell under the "bodily injury" coverage provided. *Id.* The insurance company provided a defense pursuant to a reservation of rights. *Id.* Several months later, following the receipt of the fourth amended complaint in the underlying action, the insurance company informed the insured that it did not believe it was under

a comparison of the four corners of the complaints with the four corners of the insurance policies in those cases promptly provided the insurers with a basis to seek a declaration that the companies had no duty to defend or indemnify the insureds. ***See Am. & Foreign Ins. Co.***, 2 A.3d at 529-31; ***Aetna Casualty & Surety Co.***, 650 A.2d at 96-97, 100.

---

a duty to defend or indemnify and filed a declaratory judgment action for such a declaration. ***Id.*** at 530. The trial court found that the insurance company did not have a duty to defend – the insurance policy would compensate a claimant for damages resulting from a physical injury, and the complaint sought damages not for bodily injury but as a contribution to a fund designed to educate, supervise and regulate gun dealers. ***Id.*** at 531. As such, the trial court granted summary judgment in favor of the insurance company, and this Court affirmed. ***Id.***

In ***Aetna Casualty***, the complaint at issue alleged that the insureds, a teacher and her husband, committed unspeakable acts of sexual, physical and mental abuse of three of the insured-wife's four-year-old female students. ***Aetna Casualty & Surety Co.***, 650 A.2d at 96. The victims and their parents sought actual damages for money expended to treat the physical and mental injuries sustained as a result of the insured's intentional conduct and punitive damages for the insureds' "outrageous conduct in wanton and reckless disregard of minor-plaintiffs' rights." ***Id.*** at 96-97. The abuse allegedly occurred at the school and at the insureds' home, and the insureds thus sought coverage under their homeowner's insurance policy they had through the insurer. ***Id.*** at 97. The insurance company did not provide a defense, and instead filed a declaratory judgment action seeking a declaration based upon the allegations contained in the complaint. ***Id.*** at 97. After examining the insurance policy (which excluded medical payments resulting from bodily injury expected or intended by the insured and personal injury caused by a violation of the law) and the complaint (which, as noted, sought actual damages for medical expenses resulting from the insureds' intentional conduct and punitive damages), the trial court granted summary judgment in favor of the insurance company. ***Id.*** at 97; ***see also id.*** at 100 (stating that as a matter of law, "an insurer owes no duty to indemnify an insured on an award of punitive damages"). On appeal, this Court affirmed. ***Id.*** at 100.

Contrary to the trial court's conclusion in the case at bar, however, the receipt of the complaint does not ipso facto begin the four-year limitations period for an insurance company to file a declaratory judgment action regarding its duty to defend and indemnify an insured. Rather, the statute of limitations for a declaratory judgment action brought by an insurance company regarding its duty to defend and indemnify begins to run when a cause of action for a declaratory judgment accrues. *See* 42 Pa.C.S.A. §§ 5502(a), 7538(a). This requires a determination of when the insurance company had a sufficient factual basis to present the averments in its complaint for declaratory judgment that the insurance policy at issue does not provide coverage for the claims made in the third party's action. It is possible for the insurance company to possess sufficient information at the time it receives a complaint to cause the statute of limitations to begin to run; or that may not occur until the case develops and the claim is winnowed down to a recovery the insurance company believes is not covered by the policy of insurance. This requires the trial court to determine when the insurance company had a sufficient factual basis to support its contentions (as set forth in its complaint for declaratory judgment) that it has no duty to defend or indemnify the insured.

In this case, the trial court made no assessment of when Selective had sufficient information for it to reach its conclusion that the policies in question did not provide coverage for the claims made against Hospitality

Group in the Nemcheck Action. The trial court decided that Selective filed its declaratory judgment action out of time solely based upon the date Selective received the complaint in the Nemcheck Action. *See* Trial Court Opinion, 8/7/14, at 3-4. The parties raise competing arguments regarding when Selective had sufficient information to know that the policies of insurance did not provide coverage for the claims raised in the Nemcheck Action. This is a question of fact to be decided in the trial court in the first instance. We therefore reverse the trial court's order granting summary judgment on that basis.[10]

We would be remiss if we failed to highlight the esoteric nature of this decision. In the case before us, there was no determination on the merits of whether Selective in fact had a duty to defend or indemnify Hospitality Group in the Nemcheck Action. By finding that the statute of limitations had run on Selective's ability to file a declaratory judgment action, the trial court simply foreclosed Selective from obtaining a predetermination of whether it had a duty to provide a defense in the action or indemnification in the event of a finding that Hospitality Group was liable. The trial court did nothing to impair or affect Selective's ability to decide on its own whether it had a duty to defend and/or indemnify Hospitality Group in the Nemcheck Action.

---

[10] As previously stated, we do not remand this case for the trial court to make the necessary factual determination of when Selective had a sufficient factual basis to trigger the running of the statute of limitations because the case is technically moot. *See supra*, n.1.

We reiterate that an insurance company is not required to file a declaratory judgment action prior to withdrawing its defense or refusing to defend or indemnify an insured in a third party's action. As stated above, a declaratory judgment action is simply a "judicial searchlight[]" to determine whether or not there exists a legal right, status or duty. *Wagner*, 582 A.2d at 365; 42 Pa.C.S.A. § 7532. While a judicial declaration constitutes a final determination of the legal rights and duties of the parties arising under an insurance policy, *Gen. Acc. Ins. Co. of Am.*, 692 A.2d at 1094; 42 Pa.C.S.A. § 7532, a declaration that the insurance company owes no duty to defend and/or indemnify an insured in a third party's action does little more than protect the insurance company from a later action sounding in breach of contract or bad faith based upon the insurance company's refusal to defend and/or indemnify the insured. Thus, despite the trial court's conclusion that Selective filed its declaratory judgment action out of time, Selective was free to withdraw its defense and/or refuse to indemnify Hospitality Group in the Nemcheck Action if it determined that the insurance policies in question did not provide coverage for the claims made.

Order reversed. Jurisdiction relinquished.

Gantman, P.J., Bender, P.J.E. and Judges Olson and Ott join the Opinion.

Ford Elliott, P.J.E. files a Dissenting Opinion in which Judges Panella and Shogan join and Mundy, J. concurs in the result.

Mundy, J. files a Dissenting Opinion.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015