J-S70030-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT WOODARD, | : | |
| | : | |
| Appellant | : | No. 968 EDA 2015 |

Appeal from the PCRA Order March 9, 2015,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0220171-1992

BEFORE: DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED DECEMBER 14, 2015**

Robert Woodard ("Woodard") appeals from the order of court dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"). We affirm.

The record reveals that on December 10, 1992, Woodard was convicted of multiple counts of robbery, burglary, rape and possessing an instrument of crime. The trial court imposed an aggregate sentence of forty-eight to ninety-six years of incarceration. This Court affirmed his judgment of sentence on May 5, 1994. Woodard did not seek review of our determination with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on June 4, 1994, which marked the expiration of the period of time in which Woodard could have sought such review. *See* 42 Pa.C.S.A. § 9545(b)(3).

---

*Retired Senior Judge assigned to the Superior Court.

On February 2, 2015, Woodard filed the petition at issue in this appeal, which he classified as a petition for writ of habeas corpus. In this petition, Woodard alleged that he was entitled to relief based upon the United States Supreme Court decision in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013), and this Court's decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014). Petition for Writ of Habeas Corpus, 2/9/15, at 2-3, 8-11. Despite Woodard's classification of his filing, the PCRA court elected to treat it as a PCRA petition. It concluded that the petition was untimely and that Woodard had failed to plead or prove an exception to the PCRA's time-bar, thereby depriving the PCRA court of jurisdiction to consider the petition. On this basis, it dismissed Woodard's petition. PCRA Court Opinion, 3/9/15, at 1-3.

This timely appeal followed, in which Woodard presents eight issues for our review. *See* Woodard's Brief at 2-3. "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015).

We begin with the PCRA court's decision to treat Woodard's petition as a petition filed under the PCRA. Woodard does not explicitly challenge this determination; in his sixth issue on appeal, Woodard stops short of arguing that his claims are not cognizable under the PCRA, claiming only that his

claims can "also" be reviewed under Pennsylvania's habeas corpus statute. Woodard's Brief at 13. However, because the PCRA court's disposition was premised entirely on that classification, we will begin by reviewing it.

"[B]oth the PCRA and the state habeas corpus statute contemplate that the PCRA subsumes the writ of habeas corpus in circumstances where the PCRA provides a remedy for the claim." *Commonwealth v. Hackett*, 956 A.2d 978, 985 (Pa. 2008) (citation omitted). Section 9543 of the PCRA addresses eligibility for relief under its provisions. Of relevance, it provides as follows:

### § 9543. Eligibility for relief

> (a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> ***
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S.A. § 9543(a)(2)(i).

In his petition, Woodard alleges that his sentence is unconstitutional based upon the United States Supreme Court's decision in *Alleyne* and this Court's decision in *Newman*. Although Woodard's claim does not implicate

the truth determining process, as required by § 9543(a)(2)(i), the Pennsylvania Supreme Court has called for an expansive, not restrictive, application of these PCRA's eligibility requirements, such that there need not be a strict adherence to the "truth determining process" language:

> [W]e have held that the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review. *Commonwealth v. Judge*, 591 Pa. 126, 916 A.2d 511, 520 (2007). Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, *id.*, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564, 569–70 (1999).
>
> Instead, this Court has broadly interpreted the PCRA eligibility requirements … regardless of the 'truth-determining process' language … from Section 9543(a)(2)(i).

*Hackett*, 956 A.2d at 986.

At its heart, Woodard's claim challenges his sentence as illegal, which is a claim that the PCRA is intended to address. *Commonwealth v. Burkett*, 5 A.3d 1260, 1275 (Pa. Super. 2010) ("PCRA review is limited to defendants who claim that they were wrongfully convicted and/or are serving an illegal sentence."). Accordingly, in light of the expansive view we must take with regard to the PCRA's eligibility requirements, *see Hackett*, 956 A.2d at 986, we find no abuse of discretion in the PCRA court's determination that Woodard's claim is cognizable under the PCRA.

Having so concluded, we turn our attention to whether the trial court erred in its determination that it was without jurisdiction to entertain Woodard's petition. It is well established that "[t]he PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648-49 (Pa. 2007). The PCRA provides, in relevant part, as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As explained above, Woodard's judgment of sentence became final on or about June 4, 1994. The present petition was filed on February 9, 2015, and so it is clearly untimely on its face. As such, Woodard was required to plead and prove one of the exceptions to the one-year time bar contained in § 9545(b)(1), and establish that he filed his petition within sixty days of the date the claim could have first been presented, as required by § 9545(b)(2).

In his PCRA petition, Woodard does not explicitly attempt to establish any of the timeliness exceptions in his petition; he alleges only that the *Alleyne* and *Newman* decisions render his sentence unconstitutional and therefore illegal. Petition for Writ of Habeas Corpus, 2/9/15, at 7-11. To the extent that the substance of Woodard's claim can be interpreted as an attempt to raise the exception for "after discovered facts" of subsection (b)(1)(ii), this attempt must fail. First, it is well established that recently published case law does not qualify as "after discovered facts" for purposes of establishing an exception to the PCRA's time-bar. *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012). To the extent that Woodard's claim can be construed as an attempt to argue that *Alleyne* recognized a new constitutional right as contemplated in subsection (b)(1)(iii), this attempt must also fail. This Court recently considered whether *Alleyne* applies retroactively to cases on collateral appeal and concluded that it does not. *Commonwealth v. Riggle*, 119 A.3d 1056,

1067 (Pa. Super. 2015). Accordingly, he cannot be entitled to relief on this basis.

Because Woodard's petition was facially untimely and he has failed to satisfy the requirements for an exception to the PCRA's time-bar, the PCRA court was correct in its conclusion that it was without jurisdiction to consider the merits of the claim raised therein. Finding no error by the PCRA court, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015