J-S02037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BASS PRO OUTDOOR WORLD LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRISBURG MALL LIMITED | : | No. 1085 MDA 2022 |
| PARTNERSHIP | : | |

Appeal from the Order Entered July 8, 2022
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2018-CV-06921-CV

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

DISSENTING MEMORANDUM BY OLSON, J.:     **FILED: MAY 24, 2023**

I respectfully dissent from the learned Majority, as I find that Harrisburg Mall Limited Partnership ("Landlord") was not required to reimburse Bass Pro Outdoor World, LLC ("Tenant") for the costs it incurred in defending against the Johnson Action.[1]  As such, Landlord was entitled, as a matter of law, to summary judgment.  Therefore, I would affirm both the June 7, 2022 order denying Tenant's motion for summary judgment and the July 8, 2022 order granting Landlord's cross-motion for summary judgment.

The Majority sets forth the standard of review this Court applies when reviewing a trial court order granting, or denying, a motion for summary judgment, as well as a claim involving the interpretation of a lease agreement.

---

[1] The Majority sets forth a summary of the Johnson Action (**see** Majority at *2-*3), and I incorporate that summary as if set forth herein.

*See* Majority at \*5-\*6. As such, I incorporate those portions of the Majority memorandum herein.

The Majority finds that "pursuant to the clear and unambiguous language of the Lease, an allegation of Tenant's negligence, without more, is not sufficient to relieve Landlord of its" obligation to indemnify Tenant for the cost of defense in the Johnson Action. *Id.* at \*7-\*8. In so holding, the Majority conflates a party's contractual duty to defend with its contractual duty to indemnify.[2]

Pursuant to the terms of the Lease, Landlord and Tenant agreed that Landlord would indemnify and hold Tenant harmless for, *inter alia*, damages awarded in a cause of action arising out of a third party's use of the mall's common areas except when the damages are the result of Tenant's negligent act. *Id.* at \*7, *citing* Lease § 6.1(c). By its clear and unambiguous terms, the Lease contained only a duty to indemnify and did not specifically set forth an agreement that Landlord would defend Tenant in such a cause of action involving the common areas. As such, I cannot agree that Landlord was required to reimburse Tenant for the cost of defense in the underlying Johnson Action, which ultimately concluded without an award for damages when the

---

[2] I would agree that an allegation of Tenant's negligence, without more, is insufficient **to relieve Landlord of a duty to defend**, if such a duty existed. Nevertheless, as discussed *infra*, Landlord, pursuant to the clear and unambiguous terms of the Lease, does not owe Tenant a duty to defend.

trial court granted Tenant's motion for summary judgment and dismissed the Johnsons' complaint.

In simplest terms, a "duty to defend is separate from and broader than the duty to indemnify" and, therefore, each duty is distinct from the other. ***Am. and Foreign Ins. Co. v. Jerry's Sport Center, Inc.***, 2 A.3d 526, 543-544 (Pa. 2010). If a lease agreement requires a landlord to defend a tenant in an action filed by a third party against the tenant, the landlord is obligated to defend the tenant if the allegations contained in the third party's complaint **might** trigger the landlord's liability.[3] ***Selective Way***, 119 A.3d at 1046 (stating that, "[t]he duty to defend is not limited to meritorious actions; it even extends to actions that are groundless, false, or fraudulent as long as there exists the possibility that the allegations implicate [liability]" (original brackets omitted)). The duty to defend continues until the landlord can limit the third-party claims such that, pursuant to the lease agreement, the landlord's liability is impossible. ***Id.***

Conversely, a landlord's duty to indemnify a tenant in a third party's cause of action, where the lease agreement provides for indemnification, does not accrue until there is a damage award entered against the tenant in the third party's action. ***Id.*** at 1049. Stated another way, if a third party is

---

[3] The determination of whether a landlord owes a duty to defend is determined on a case-by-case basis by comparing the four corners of the lease agreement to the four corners of the complaint. ***Selective Way Ins. v. Hospitality Group***, 119 A.3d 1035, 1046 (Pa. Super. 2015).

entitled to damages in a cause of action against a tenant and the damage recovery triggers the landlord's duty to indemnify under the terms of the lease agreement, then the landlord is required to indemnify the tenant for the damage award.

> In the instant matter, Section 6.1(c) of the Lease provided that,

> Notwithstanding anything to the contrary contained herein, except for negligent acts of Tenant, Landlord agrees to indemnify and hold Tenant harmless with respect to any and all claims, actions, injuries, damages, liability, costs[,] and expenses, including reasonable attorney[s'] fees, arising with respect to the possession, use, occupancy, management, repair, maintenance[,] or control of the Common Areas[.]

Lease, 9/30/03, at § 6.1(c). Thus, the clear and unambiguous language of the Lease required Landlord "to indemnify and hold Tenant harmless" with respect to a damage award stemming from injuries sustained by a third party while using the common areas. The clear and unambiguous language of the Lease also required Landlord to indemnify Tenant for the costs and expenses, including reasonable attorneys' fees, that Tenant incurred **when** the damage award to the third party stemmed from injuries sustained through use of the common areas. As such, if Mrs. Johnson were entitled to an award of damages because of her fall and it was established that her fall was related to Tenant's use, occupancy, or possession of a common area, then Landlord would be required to indemnify Tenant for the damage award, including Tenant's

expenses in defending the underlying cause of action, **so long as the damage award was not predicated upon Tenant's negligent conduct**.[4]

The Lease, however, did not contain a specific duty on the part of Landlord to defend Tenant in the event of a third-party cause of action. ***See id.*** Thus, Landlord, pursuant to the terms of the Lease, neither retained nor assumed a duty to defend a third-party cause of action in which it might be responsible for a damage award.[5] Similarly, Tenant, pursuant to the terms of the Lease, did not require Landlord to defend Tenant in a cause of action arising from a third party's use of a common area. Lastly, Landlord's duty to indemnify Tenant for the expenses Tenant incurred in defending against the third-party cause of action was only triggered if the Johnsons had been awarded damages for injuries Mrs. Johnson sustained while using a common

_____

[4] Put differently, the reference to 'reasonable attorney[s'] fees' within the indemnification clause of the Lease does not alter my conclusion. The inclusion of this language within the indemnification clause is simply to make clear that, if Landlord's duty to indemnify Tenant has been triggered, then Landlord's indemnification obligation would extend to reasonable attorneys' fees in addition to damages, costs, and other expenses incurred by Tenant in satisfying any claim that involves a common area of the leased premises and that is **unrelated** to Tenant's negligent acts.

[5] In assuming a duty to defend a cause of action in which it might become responsible for the resulting damages, a party typically retains the rights, *inter alia*, to receive notice of the claim, to select certain counsel to represent its interests, and to settle the matter rather than proceed to trial. The plain language of the contract and the absence of such features from the Lease in the case *sub judice* strongly suggest that the parties did not seek to impose a duty to defend upon Landlord. It is unreasonable, in my view, for the Majority to infer that Landlord would forgo such significant rights but accept, in blind peril, a duty to defend Tenant.

area and said damages did not arise from Tenant's negligent acts. Because the underlying cause of action did not result in a damage award to the Johnsons, Landlord's duty to indemnify Tenant for its legal expenses did not accrue.

As such, I would affirm the trial court orders granting Landlord's cross-motion for summary judgment and denying Tenant's motion for summary judgment.