J-A11020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARKS & SOKOLOV, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EUGENE URITSKY, ERICA URITSKY AND EU GLASS, INC., | |
| Appellees | No. 2146 EDA 2014 |

Appeal from the Order Entered June 5, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, No. 02046

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 15, 2015**

Appellant, Marks & Sokolov, LLC, appeals from the order entered on June 5, 2014. We affirm.

In 2003, Appellant filed a complaint against Eugene Uritsky (hereinafter "Mr. Uritsky") and other defendants, seeking payment of attorneys' fees for services rendered. On April 27, 2005, Appellant obtained a default judgment against all of the defendants; the defendants were declared jointly and severally liable to Appellant for damages in the amount of $196,467.24. Partial payment by one of the defendants left a remaining judgment balance of $101,467.00. As this Court previously explained:

> In October 2010, UST Glass, Inc., a company partially owned by [Mr. Uritsky], filed an equitable action against [Mr. Uritsky] in the Court of Common Pleas of Philadelphia County, seeking injunctive relief against [Mr. Uritsky] and a newly formed company, EU Glass, Inc.[] During preliminary

injunction proceedings, [Mr. Uritsky] testified that he had recently created EU Glass, of which he owned "all the stock."

As a result of and based upon these revelations made under oath by [Mr. Uritsky], on December 6, 2010[, Appellant] filed an "Emergency Petition for Supplementary Relief in Aid of Execution Pursuant to Pa.R.C.P. 3118 and Contempt["] (hereinafter, the "Emergency Petition"). In this Emergency Petition, [Appellant] sought to enjoin all transfers of the assets of, *inter alia*, EU Glass.[1] On December 8, 2010, the trial court issued a temporary order enjoining EU Glass from "transferring, removing, conveying or disposing of [Mr. Uritsky's] property (both real and personal) subject to execution, including but not limited to all shares of EU Glass, Inc. owned by [Mr. Uritsky]." [Temporary Order, 12/8/10, at ¶ 4]. The trial court further issued a rule upon EU Glass and [Mr. Uritsky] to show cause why the requested injunctive relief should not be granted, returnable on December 15, 2010. *Id.* at 2.

On December 10, 2010, [Appellant] filed a *praecipe* for a writ of attachment against EU Glass and [Mr. Uritsky] and[,] on December 13, 2010, the writ was issued. Also on December 13, 2010, [Appellant] filed a "Supplemental Motion for an Order Compelling [Mr. Uritsky] to Turn Over His Shares in EU Glass, Inc. and Other Supplemental Relief" (hereinafter, the "Supplemental Motion"). In this Supplemental Motion, [Appellant] more specifically described the relief sought from EU Glass and [Mr. Uritsky], including orders requiring [Mr. Uritsky] to turn over all of his shares in EU Glass to the sheriff, and enjoining EU Glass and [Mr. Uritsky] from making any payments out of the ordinary course of business "to or for the benefit of" [Mr. Uritsky] in excess of $5,000[.00]. [Supplemental Motion, 12/13/10, at ¶ 50].

_____

[1] Within the December 6, 2010 Emergency Petition, Appellant did not seek to have Mr. Uritsky held in contempt of court; rather, the contempt request was related to another individual.

[At the conclusion of the December 15, 2010 hearing, the trial court entered an order declaring, in relevant part:] (1) that [Mr. Uritsky] and EU Glass were enjoined from "transferring, removing, conveying, disposing or assigning assets of EU Glass, Inc. out of the ordinary course of business," and (2) that [Mr. Uritsky] and EU Glass were "prohibited from making any payments to or for the benefit of [Mr. Uritsky] in excess of $5000[.00] per month." [Trial Court Order, 12/15/10, at ¶¶ 2 and 3].

. . .

Apparently as a result of its inability to recover funds from the accounts of EU Glass, in June 2011 [Appellant] took the deposition of Erica Uritsky, [Mr. Uritsky's] wife. At this deposition, Erica Uritsky testified that she was the "one hundred percent owner" of EU Glass, and that while [Mr. Uritsky] "runs the company for me," he was not an owner and received no salary or commission for his services. [Erica Uritsky Deposition, 6/14/11, at 38 and 51-52]. Erica Uritsky further testified that she had instructed EU Glass' bookkeeper [] to make direct payments to cover all of her and her family's expenses on an "as needed" basis, without regard to the $5,000[.00] limitation imposed by the trial court's December 15, 2010 order. *Id.* at 121-122 ("[Mr. Uritsky] takes $5,000[.00] and I take whatever I want, I mean whatever I need."). Erica Uritsky specifically identified [monthly] mortgage payments[,] made directly from EU Glass of $13,000[.00] and $15,000[.00,] [for her and Mr. Uritsky's private] residence.

Based upon Erica Uritsky's deposition testimony, [Appellant] filed an emergency petition for modification of the trial court's December [15,] 2010 order to include a prohibition [on] payments by EU Glass to Erica Uritsky. In response, [Mr. Uritsky] argued that Erica Uritsky's bankruptcy discharge precluded any collection efforts against her and that she was entitled to receive unlimited benefits from "the company she owns, EU Glass." On December 8, 2011, the trial court granted the relief requested by [Appellant], modifying its prior order to include a prohibition against distributions to "[Mr. Uritsky], his wife, or family, including mortgage payments, car payments, or other personal

- 3 -

expenses in excess of $5,000[.00] per month." [The trial court's December 8, 2011 order reads in full:

> AND NOW, this 8th day of December 2011, upon consideration of [Appellant's] Emergency Petition for Supplementary Relief in Aid of Execution Pursuant to [Pa.R.C.P. 3118], and any response thereto, and after hearing thereon, and for good cause shown, it is hereby:
>
> ORDERED and DECREED that:
>
>> a. [The trial court's] December 15, 2010 Order is modified as follows: [Mr. Uritsky] and EU Glass are prohibited from making any payments outside of the ordinary course of business for any personal uses of [Mr. Uritsky], his wife, or family, including mortgage payments, car payments, or other personal expenses in excess of $5,000[.00] per month.
>>
>> b. Any further violations of the December 15, 2010 Order will result in sanctions.
>
> Trial Court Order, 12/8/11, at 1.]
>
> [Mr. Uritsky] appealed the trial court's December [8,] 2011 order, claiming that the trial court had abused its discretion and exceeded the limits of its authority under [Pa.R.C.P.] 3118.

*Marks & Sokolov v. Alexander Finance*, 93 A.3d 498 (Pa. Super. 2013) (*en banc*) (unpublished memorandum) at 1-6 (some internal citations, footnotes, and capitalization omitted).

Ultimately, on December 4, 2013, an *en banc* panel of this Court concluded that Mr. Uritsky's appeal of the December 8, 2011 order was procedurally defective; we thus quashed the appeal. *Id.* at 1-16. As is relevant to the current appeal, the *en banc* panel concluded that Mr. Uritsky's appeal of the December 8, 2011 order was untimely because the

- 4 -

December 8, 2011 order **merely narrowed** the scope of the earlier, December 15, 2010 order – and the December 15, 2010 order was never appealed.  We concluded:

> we disagree with [Mr.] Uritsky's contention that the December [8,] 2011 order expanded the scope of the prior December [15,] 2010 order, thereby permitting his appeal of the later order.  The December [15,] 2010 order was extremely broad in nature, preventing any distributions in excess of $5,000[.00] "to or **for the benefit of**" [Mr.] Uritsky.  The December [8,] 2011 order more narrowly restricts distributions "for any personal uses of [Mr.] Uritsky, his wife, or family, including mortgage payments, car payments, or any other personal expenses" in excess of the $5,000[.00] limit.  The phrase "for the benefit of" is broader than "personal uses," as it includes both personal and non-personal (*e.g.*, business) uses.  Moreover, while the December [8,] 2011 order contains a restriction on distributions to [Mr.] Uritsky's wife or other family members, it also makes clear that these distributions are prohibited to the extent that they are used to satisfy family obligations (including mortgage and car payments). Satisfaction of these types of family obligations, whether performed by [Mr.] Uritsky himself or by his wife or other family members, is unquestionably **for the benefit of** [Mr.] Uritsky.  As a result, such distributions were already prohibited by the more comprehensive language of the December [15,] 2010 order.
>
> Accordingly, [Mr.] Uritsky's failure to appeal from the broad language of the December [15,] 2010 order resulted in a waiver of his right to appeal from the more narrow December [8,] 2011 order.

*Id.* at 12-13 (emphasis in original) (some internal capitalization omitted).

However, during the time between the entry of the December 8, 2011 order until December 4, 2013 – when the *en banc* panel of this Court quashed Mr. Uritsky's appeal – litigation between Appellant and Mr. Uritsky

continued. First, on December 27, 2011, Appellant filed a separate complaint, at the separate docket number of 1112-3240, against Mr. Uritsky, Erica Uritsky, and EU Glass. The complaint sought relief under the Pennsylvania Uniform Fraudulent Transfer Act (hereinafter "PUFTA"). *See* 12 Pa.C.S.A. §§ 5101-5110. Specifically, Count I of the complaint claimed that the Uritskys fraudulently transferred assets from UST Glass to Mr. Uritsky, to evade Appellant's efforts to collect on the $101,467.00 judgment against Mr. Uritsky; Count II of the complaint claimed that the defendants fraudulently transferred assets from EU Glass to the Uritskys, to evade Appellant's efforts to collect on the judgment against Mr. Uritsky. Appellant's Complaint at Docket Number 1112-3240, 12/27/11, at 13-16. Appellant sought to hold the Uritskys jointly and severally liable for the following damages: "$101,467.24 in the principal amount of the judgment as well as over $35,000[.00] in accrued interest and over $35,000[.00] in collection costs to satisfy fraudulently conveyed Uritsky's obligations to [Appellant]." *Id.* at "Wherefore" Clause. Further, at Count VI of the complaint, Appellant requested that the trial court award "costs, attorney[s'] fees, and punitive damages" against all defendants because, among other things:

> from January, 2011 onward, [Mr.] Uritsky and Erica [Uritsky] participated in a scheme by which monies [owed] to him for his 100% interest in the assets and/or profits of EU Glass were paid for the benefit of [Mr.] Uritsky and Erica [Uritsky] to evade the judgment in knowing violation of the writ of execution and order dated December 15, 2010.

*Id.* at 19 (some internal capitalization omitted).

On February 13, 2013, Appellant filed a "Motion for Sanctions" against Mr. Uritsky, Erica Uritsky, and EU Glass, at the current docket number (0307-2046). Within Appellant's Motion for Sanctions, Appellant requested that the trial court hold both Mr. Uritsky and Erica Uritsky in contempt of court "for their continuous willful disregard and violation of the orders of" the trial court." Appellant's Motion for Sanctions, 2/13/13, at 11.

On March 18, 2013, the trial court dismissed Appellant's Motion for Sanctions (at the current docket number (0307-2046)) "without prejudice due to the appeal [] pending in the Superior Court." Trial Court Order, 3/18/13, at 1.

With respect to Appellant's PUFTA case at the separate docket number of 1112-3240, the matter proceeded to a three-day bench trial in June and July of 2013. On September 26, 2013, the trial court entered its opinion and order in the case, finding in favor of Appellant and against Mr. Uritsky, Erica Uritsky, and EU Glass on many of Appellant's claims, but against Appellant on its claim for attorneys' fees and costs. As noted in its opinion, the trial court made the following factual findings and legal conclusions:

> 4) In 2003, [Appellant] sued [Mr. Uritsky] and others for payment of fees for legal services. ***Marks & Sokolov, LLC v. Eugene Uritsky, et al.*** (Phila Comm Pleas, July Term 2003, No. 2046 (the 2003 lawsuit).
>
> 5. On April 27, 2005, a court awarded [Appellant] a judgment of $196,467.24 against [Mr.] Uritsky and others in the 2003 lawsuit.

6) On April 17, 2006, [Appellant] entered into a settlement agreement with [Mr.] Uritsky's co-defendants for a portion of the total judgment, leaving a balance on the judgment due from [Mr.] Uritsky of $101,4[67.00].

. . .

12) [During the time Mr. Uritsky was affiliated with UST Glass, t]he record shows payments made on UST Glass checks and with UST Glass credit/debit cards for the Uritskys' personal expenses, including groceries, clothing, cars, household expenses, and a $13,000[.00] monthly mortgage on the house held in Erica Uritsky's name. Discovery produced by UST Glass shows that from 2008 to 2010[,] UST Glass paid over $2.2 million of the Uritskys' personal expenses.

. . .

16) On January 11, 2011, in a statement of assets ordered by the [trial court] in December of 2010, [Mr.] Uritsky declared that he did "not individually own any assets."

17) [Mr.] Uritsky left UST Glass in October of 2010. Shortly after, UST Glass sued [Mr.] Uritsky and others. In responsive pleadings and in his own testimony in that action, [Mr.] Uritsky claimed that he was entitled to 50% of UST Glass['] profits and that he was a partner and the firm's principal operator before he left.

. . .

21) [Mr. Uritsky created EU Glass in] January of 2010[. At that time,] he filed documents with the [IRS] indicating that he [was] the 100% owner of that company.

. . .

26) Following the December 15, 2010, hearing, the [trial] court issued an order limiting to $5,000[.00] per month all transfers from EU Glass of property or payments to or for the benefit of [Mr.] Uritsky, and directing [Mr.] Uritsky to submit a statement of assets.

. . .

30) On December 8, 2011, the [trial] court issued another order clarifying the order of [December 15, 2010]. The new order barred [Mr.] Uritsky and EU Glass from making any payments outside the ordinary course of business for the personal use of not only [Mr.] Uritsky, but also Erica Uritsky and the family in excess of $5,000[.00] per month.

31) Following the December 8, 2011, order, EU Glass continued to disburse more than $5,000[.00] per month for personal expenses, including the $13,000[.00] per month mortgage on the Uritsky house. In 2012, EU Glass transferred to the Uritskys' joint personal account over $300,000[.00].

. . .

**Conclusions**

**UST Glass**

. . .

48) The Uritskys acted jointly in evading [Appellant's] collection efforts by transferring assets from UST Glass for the personal benefit of the Uritskys, while claiming that [Mr.] Uritsky held no assets of his own.

49) The transfers from UST Glass to the Uritskys in the years 2007 through 2010 were made with fraudulent intent and violated [PUFTA], 12 Pa.C.S.A. § 5104(a)(1).

50) The transfers from UST Glass to the Uritskys were made in exchange for no consideration and were fraudulent under PUFTA, 12 Pa.C.S.A. § 5105.

**EU Glass**

51) Starting in January of 2010, [Mr.] Uritsky was in possession and control of, and held an interest in, the assets of EU Glass.

. . .

53) The Uritskys acted jointly in evading [Appellant's] collection efforts by transferring assets from EU Glass to the benefit of the Uritskys despite [Appellant's] writ of execution and court orders directing that no such transfers be made, while claiming that [Mr.] Uritsky held no assets of his own.

54) The transfers from EU Glass to the personal benefit of the Uritskys from 2010 until trial were made with fraudulent intent and violated 12 Pa.C.S.A. § 5104(a)(1)[.]

55) The transfers from EU Glass to the Uritskys were made in exchange for consideration of less than equivalent values and were fraudulent under PUFTA, 12 Pa.C.S.A. § 5105.

Trial Court Opinion and Order, 9/26/13 (as amended on 4/11/14), at 2-10 (internal emphasis and footnotes omitted) (some internal capitalization and citations omitted).

Regarding Appellant's damages, the trial court concluded:

The [trial] court finds that PUFTA authorizes an award of the original judgment of $101,467[.00]. The records submitted by [Appellant] and unchallenged by the defendants support an award of interest on that judgment of 6% for a period of 7 ¼ years, or $42,616[.00]. Finally, pursuant to Section 5107(a)(iii) [of PUFTA,] the [trial] court also awards [Appellant] $32,840[.00] in costs for the same period. The total award thus is $176,923[.00].

[Appellant's] claim for attorneys['] fees is rejected. The rule in Pennsylvania is that litigants shall be responsible for their own attorneys['] fees unless otherwise provided by contract or statute. PUFTA contains no provision for fees and [Appellant has cited] to no authority to support its claims that [it] may be awarded [fees] in this case.

The [trial] court also declines to award punitive damages, although it notes that the defendants[] have been notably

- 10 -

recalcitrant and contemptuous of the judicial process. The [trial] court directs the defendants to make immediate and full payment on the judgment in this action and enjoins them from transferring assets to avoid this payment. . . .

*Id.* at 20 (internal citations omitted).

On September 26, 2013, the trial court entered its order in the case, finding in favor of Appellant and against Mr. Uritsky, Erica Uritsky, and EU Glass. The trial court found Mr. Uritsky, Erica Uritsky, and EU Glass jointly and severally liable for the $178,445.00 verdict and ordered that the defendants "pay all funds up to the amount of the [judgment] in bank accounts in which they have an interest to [Appellant] within two business days of [the] order." *Id.* at 22.

No appeal was taken from the trial court's September 26, 2013 order. Subsequently, the judgment was paid. Thus, on January 21, 2014, Appellant filed a *praecipe* to mark the above judgment satisfied and to discontinue the action at docket number 1112-3240.

On January 23, 2014 – or, two days after Appellant filed the *praecipe* to mark the judgment at docket number 1112-3240 satisfied – Appellant filed, at the current docket number (0307-2046), a "Revised Motion for Contempt and Sanctions Against [Mr.] Uritsky, Erica Uritsky, and EU Glass, Inc. for Violation of the [Trial] Court's December 8, 2011 Order" (hereinafter "Appellant's Revised Motion for Contempt and Sanctions"). Within Appellant's Revised Motion for Contempt and Sanctions, Appellant claimed that it was entitled to attorneys' fees and costs from Mr. Uritsky, Erica Uritsky, and EU Glass, for their "violation of the [trial court's] December 8,

2011 order enjoining [Mr.] Uritsky and his company EU Glass [] from 'making any payments outside of the ordinary course of business for any personal uses of [Mr.] Uritsky, his wife [], or family including mortgage payments, car payments, or any other personal expenses in excess of $5,000[.00] per month.'" Appellant's Revised Motion for Contempt and Sanctions, 1/23/14, at 1 (some internal capitalization omitted). Specifically, Appellant claimed that the trial court should hold Mr. Uritsky and Erica Uritsky in contempt of court "based on the[ir] violation of the court's orders, including the order dated December 8, 2011" and award the following fees "as a sanction for the contempt":

> (a) Attorney fees of $48,398[.00] associated with drafting and filing pleadings and preparing and attending the hearing related to the December 15[,] 2010 order.
>
> (b) Attorney fees of $23,712[.00] associated with drafting and filing pleadings and preparing and attending the hearing related to the December 8[,] 2011 order.
>
> (c) Attorney fees of $23,526[.00] associated with taking depositions, obtaining and reviewing documents, and drafting the original 2013 motion for sanctions.
>
> (d) Attorney fees of $4,200[.00] associated with the instant motion.

*Id.* at 13-14 (internal emphasis and citations omitted) (some internal capitalization omitted).

Mr. Uritsky, Erica Uritsky, and EU Glass responded to Appellant's Revised Motion for Contempt and Sanctions by arguing that the issue regarding attorneys' fees for the alleged violation of court orders had already

been litigated in the earlier PUFTA action between the parties (at docket number 1112-3240) – and, in that earlier action, the trial court determined that Appellant was not entitled to attorneys' fees or costs. Uritskys' Response, 2/13/14, at 1-2. Mr. Uritsky, Erica Uritsky, and EU Glass claimed that, since Appellant did not appeal from the earlier denial of its request for attorneys' fees and costs, Appellant was now "estopped from recovering the very same fees that it was [earlier] denied." *Id.* at 2.

On June 5, 2014, following a hearing on Appellant's motion, the trial court denied Appellant relief. Within its later-filed Rule 1925(a) opinion, the trial court explained that it denied Appellant relief because "[t]he issues raised in [Appellant's] Revised Motion for Contempt and Sanctions were raised and addressed in the [earlier PUFTA action between the parties (at docket number 1112-3240)]." Trial Court' Rule 1925(a) Opinion, 11/19/14, at 1-2 (internal italics omitted).

Appellant filed a timely notice of appeal from the trial court's order. Appellant raises three claims to this Court:[2]

> [1.] Is the [trial] court's denial of attorney fees in the [PUFTA action at docket number 1112-3240] relevant?
>
> [2.] Did the [trial] court err in holding sanctions should not be awarded even though it found [Mr. Uritsky, Erica Uritsky, and EU Glass] repeatedly violated the December 15, 2010 and December 8, 2011 orders prohibiting EU Glass [] from

---

[2] For ease of discussion, this Court has re-ordered and re-numbered Appellant's claims on appeal.

paying more than $5,000[.00] per month for the Uritskys' benefit simply because [Mr. Uritsky, Erica Uritsky, and EU Glass] ultimately paid the underlying 2005 judgment in 2013?

[3.] Did the [trial] court err in holding sanctions should not be awarded even though it found [Mr. Uritsky, Erica Uritsky, and EU Glass] repeatedly violated the December 15, 2010 and December 8, 2011 orders prohibiting EU Glass [] from paying more than $5,000[.00] per month for the Uritskys' benefit because it determined this would be punitive because [Mr. Uritsky, Erica Uritsky, and EU Glass] ultimately paid the underlying 2005 judgment in 2013?

Appellant's Brief at 3 (some internal capitalization omitted).

We conclude that the trial court correctly denied Appellant's Revised Motion for Contempt and Sanctions because, in the earlier PUFTA action at docket number 1112-3240, the trial court expressly determined that Appellant was not entitled to recover "costs [and] attorney[s'] fees" from Mr. Uritsky, Erica Uritsky, and EU Glass, for their "knowing violation of the writ of execution and order dated December 15, 2010." **See** Appellant's Complaint at Docket Number 1112-3240, 12/27/11, at 19; Trial Court Opinion and Order, 9/26/13 (as amended on 4/11/14), at 20. Since Appellant did not appeal this determination – and since Appellant admits that "the December [8,] 2011 order merely modified and narrowed the December [15,] 2010 order" – Appellant is now collaterally estopped from re-litigating the issue of its entitlement to attorneys' fees and costs for the allegedly contemptuous behavior of Mr. Uritsky, Erica Uritsky, and EU Glass. **See** Appellant's Revised Motion for Contempt and Sanctions, 1/23/14, at 2 (some internal capitalization omitted).

- 14 -

As this Court has explained:

> Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated.
>
> Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Selective Way Ins. Co. v. Hospitality Group Serv.'s, Inc.*, ___ A.3d ___, at ___, 2015 WL 4094398 at 4-5 (Pa. Super. 2015) (*en banc*) (internal quotations and citations omitted).

As explained above, during the PUFTA lawsuit at docket number 1112-3240, Appellant claimed that Mr. Uritsky, Erica Uritsky, and EU Glass must be sanctioned for Appellant's "costs [and] attorney[s'] fees," for their "knowing violation of the writ of execution and order dated December 15, 2010." Appellant's Complaint at Docket Number 1112-3240, 12/27/11, at 19. Thus, in the PUFTA lawsuit at docket number 1112-3240, Appellant specifically claimed that the trial court must sanction Mr. Uritsky, Erica Uritsky, and EU Glass for their contempt of the writ of execution and December 15, 2010 trial court order. The trial court denied this claim on the merits and held that Appellant was not entitled to attorneys' fees because "PUFTA contains no provision for fees and **[Appellant has cited] to no**

**authority to support its claims that [it] may be awarded [fees] in this case**." Trial Court Opinion and Order, 9/26/13 (as amended on 4/11/14), at 20 (emphasis added). In so holding, the trial court expressly concluded that Appellant was not entitled to attorneys' fees and costs from Mr. Uritsky, Erica Uritsky, and EU Glass, for their "knowing violation of the writ of execution and order dated December 15, 2010." Appellant's Complaint at Docket Number 1112-3240, 12/27/11, at 19. Appellant did not appeal this determination and, on January 21, 2014, Appellant filed a *praecipe* to mark the judgment satisfied and to discontinue the action at docket number 1112-3240.

Two days after Appellant filed its *praecipe* to mark the judgment satisfied – and with no intervening change in the facts – Appellant filed its Revised Motion for Contempt and Sanctions at the current docket number. Within this motion, Appellant claimed that it was entitled to recover the **same** attorneys' fees and costs, from the **same** defendants, for their "knowing violation" of the **same** December 15, 2010 order, and for their "knowing violation" of an order that, Appellant admits, "merely modified and narrowed the December [15,] 2010 order." Appellant's Revised Motion for Contempt and Sanctions, 1/23/14, at 2 (some internal capitalization omitted) (emphasis added); *see also **Marks & Sokolov v. Alexander Finance***, 93 A.3d 498 (Pa. Super. 2013) (*en banc*) (unpublished memorandum) at 12-13 (holding that any distribution that was prohibited under the more limited order of December 8, 2011 "**[was] already**

- 16 -

**prohibited** by the more comprehensive language of the December [15,] 2010 order") (emphasis added).

Under these circumstances, we conclude that collateral estoppel precludes Appellant's attempt to re-litigate the issue of its entitlement to attorneys' fees and costs from Mr. Uritsky, Erica Uritsky, and EU Glass, for their "knowing violation of the writ of execution and order dated December 15, 2010." To be sure: "(1) the issue decided in the prior case is identical to one presented in the [current] case" (as, in both cases, the issues were whether Appellant was entitled to attorneys' fees and costs from Mr. Uritsky, Erica Uritsky, and EU Glass, for their "knowing violation of the writ of execution and order dated December 15, 2010"); "(2) there was a final judgment on the merits" on Appellant's claim at docket number 1112-3240; "(3) the party against whom the plea is asserted [(Appellant)] was a party . . . in the prior case;" "(4) the party . . . against whom the doctrine is asserted [(Appellant), was the plaintiff in the underlying action and was given] a full and fair opportunity to litigate the issue in the prior proceeding" and "(5) the determination in the prior proceeding was essential to the judgment," given that Appellant sought attorneys' fees and costs from Mr. Uritsky, Erica Uritsky, and EU Glass, for their "knowing violation of the writ of execution and order dated December 15, 2010," and the trial court denied

Appellant's request in total. ***See Selective Way Ins. Co.***, ____ A.3d at ___, 2015 WL 4094398 at 4-5.[3]

Order affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Wecht concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2015

---

[3] Given our disposition, we will not discuss Appellant's remaining claims on appeal.