J-A17019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.W.E.R.S.F., GOLF HILL FARMS, SCOTT F. LINDE, INDIVIDUALLY AND AS PARTNER OF C.W.E.R.S.F. AND GOLF HILL FARMS, AND BARBARA J. LINDE, INDIVIDUALLY AND AS PARTNER OF C.W.E.R.S.F. AND GOLF HILL FARMS | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| ERIC R. LINDE, INDIVIDUALLY AND AS PARTNER OF C.W.E.R.S.F. AND GOLF HILL FARMS | : : : : : | |
| APPEAL OF: C.W.E.R.S.F., GOLF HILL FARMS, SCOTT F. LINDE, AND BARBARA J. LINDE | : : : | No. 1371 EDA 2020 |

Appeal from the Order Entered June 19, 2020
In the Court of Common Pleas of Wayne County
Civil Division at No(s):  No. 2017-00363

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 20, 2021**

Appellants, C.W.E.R.S.F., Golf Hill Farms, Scott F. Linde, and Barbara J. Linde, appeal from the order entered in the Wayne County Court of Common Pleas, which denied their petition for special and preliminary injunctive relief. We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 9, 2014, Appellant Scott F. Linde, and Appellee Eric R. Linde

_____

* Retired Senior Judge assigned to the Superior Court.

(brothers), entered into a settlement agreement resolving a 1999 shareholder derivative action filed by Appellee against Appellants Scott and Barbara Linde (Scott and Eric's sister).[1] The settlement agreement, in relevant part, stated that Scott Linde will convey his partnership interest in C.W.E.R.S.F. and Golf Hill Farms to Appellee.[2] Barbara Linde was not a party to this settlement agreement. Appellee, however, voluntarily dismissed his claims with prejudice against both Scott and Barbera Linde after the settlement agreement was reached. In response, Barbara Linde elected to dismiss her counterclaims against Appellee.

On March 24, 2016, Appellee filed a new suit against Scott Linde seeking specific performance of the settlement agreement ("Specific Performance Action").[3] During the non-jury trial held in the Specific Performance Action, Scott Linde raised the defense that Appellee did not obtain Barbara Linde's consent for the transfer of Scott Linde's interest in C.W.E.R.S.F. and Golf Hill Farms. Scott Linde argued that the partnership agreements of both C.W.E.R.S.F. and Golf Hill Farms prohibited the transfer of any partner's interests in the partnership without the written consent of the other partners. Thus, any transfer of interests between Scott Linde and Appellee in the

---

[1] The Court of Common Pleas docketed this matter at No. 27-Equity-1999.

[2] C.W.E.R.S.F. and Golf Hill Farms are business entities owned in partnership by the Linde siblings.

[3] The Court of Common Pleas docketed this matter at No. 167-Civil-2016.

settlement agreement would be void pursuant to the terms of the partnership agreements absent written consent from Barbara Linde.

On July 19, 2017, the trial court found in favor of Appellee. The court specifically found that "Scott, not Eric, if anyone, was obligated to notify Barbara of the partnership transfers contemplated by the Settlement and failed to do so." (Trial Court Opinion at No. 167-Civil-2016, filed April 2, 2018, at 8). Consequently, the court ordered Scott Linde and Appellee to complete all the transactions set forth in the settlement agreement. Scott Linde appealed the trial court's decision, prompting the court to require all settlement documents to be held in escrow pending appeal.

While the appeal in the Specific Performance Action was pending, Appellants commenced the current action with the filing of a complaint on August 4, 2017. In their complaint, Appellants claimed that Appellee had engaged in land-altering activities on the properties owned by C.W.E.R.S.F. and Golf Hill Farms without the knowledge, consent and/or approval of Appellants. Pursuant to a stipulation by the parties, the court stayed this action pending appeal of the Specific Performance Action.

On May 21, 2019, this Court affirmed the trial court's decision in the Specific Performance Action. In so doing, this Court specifically acknowledged the trial court's finding that it was Scott Linde's responsibility to inform Barbara Linde of the partnership transfers. Our Supreme Court denied allowance of appeal on February 10, 2020. **See Linde v. Linde**, 210 A.3d

1083 (Pa.Super. 2019), *appeal denied*, ___ Pa. ___, 224 A.3d 1091 (2020).

On February 20, 2020, Appellee filed a motion to terminate escrow and release settlement documents in the Specific Performance Action. That same day, Appellants filed a petition for special and preliminary injunctive relief in the current action seeking to prohibit the transfer of Scott Linde's interests in C.W.E.R.S.F. and Golf Hill Farms. On June 15, 2020, the court heard argument on both motions. Pursuant to Appellants' request, the court heard argument on the petition for injunctive relief first. At that time, counsel argued:

> [T]he imminent thing that was happening at the time that I filed this petition was that Eric Linde indicated that he was going to present a motion to the court to release the documents from escrow for Scott Linde's transfer of his interest in C.W.E.R.S.F. and Golf Hill Farms even though the partnership agreement essentially says that transfer is void.

(N.T. Oral Argument, 6/15/20, at 25).

Following this argument, the court held the matter under advisement. That same day, the court granted Appellee's motion to terminate escrow. Given that the documents transferring Appellee's interests in C.W.E.R.S.F. and Golf Hill Farms were released from escrow, on June 18, 2020, the court denied Appellants' petition for injunctive relief as moot.

On July 17, 2020, Appellants timely filed a notice of appeal. On July 24, 2020, the court ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors. Appellants timely complied on August 13, 2020.

Appellants raise one issue for our review:

Did the [trial] court abuse its discretion in granting one partner's motion to release partnership transfer documents from escrow, and in failing to grant the other two partners' petition to enjoin the transfers of certain partnership interests to the other partner, when any transfers of these partnership interests to the other partner are void under the terms of the written partnership agreements for these partnerships?

(Appellants' Brief at 5).

On appeal, Appellants claim that the court knew that their petition for injunctive relief concerned the validity of the transfer of Scott Linde's partnership interests. Despite this knowledge, Appellants complain that the court "decided Eric's Motion on the merits first, thus making Scott and Barbara's petition moot." (*Id.* at 24). Appellants argue that the court

should instead have addressed Scott and Barbara's petition on its merits; only if the … court found that injunctive relief was not warranted should it have then denied Scott and [Barbara]'s petition and considered Eric's motion for release of the partnership transfer documents from escrow.

(*Id.*) Appellants insist that Barbara Linde, C.W.E.R.S.F. and Golf Hill Farms were not a party to the Specific Performance Action, and their argument regarding the validity of the transfers contemplated in the settlement agreement was never fully addressed.

Appellants further argue that even if the court acted properly in deciding Appellee's motion first, it "should still have made a decision on Scott and Barbara's petition for injunctive relief on the merits under an exception to the mootness doctrine." (*Id.* at 28). Specifically, Appellants cite the exception to the mootness doctrine that allows a court to rule on a moot issue where a

- 5 -

party will suffer some detriment without the court's decision. Appellants conclude that the court erred by failing to consider their petition for injunctive relief on the merits, and this Court must grant appropriate relief. We disagree.

Our standard and scope of review in this case are as follows:

> …[I]n general, appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion. We have explained that this standard of review is to be applied within the realm of preliminary injunctions as follows:
>
> [W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court]…. Thus, in general, appellate inquiry is limited to a determination of whether an examination of the record reveals that any apparently reasonable grounds support the trial court's disposition of the preliminary injunction request.

*Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 573 Pa. 637, 645-46, 828 A.2d 995, 1000 (2003) (internal citations omitted). "An appellate court is to conduct a searching inquiry of the record. Accordingly[,] the scope of review in preliminary injunction matters is plenary." *Warehime v. Warehime*, 580 Pa. 201, 209 n.7, 860 A.2d 41, 46 n.7 (2004).

"The mootness doctrine requires that there is an actual case or controversy at all stages of review." *Pilchesky v. Lackawanna Cnty.*, 624 Pa. 633, 650, 88 A.3d 954, 964 (2014).

An issue before a court is moot if in ruling upon the issue

- 6 -

the court cannot enter an order that has any legal force or effect. Appellate courts in this Commonwealth have recognized three exceptions, permitting decision on an issue despite its mootness: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court…. [C]ase law discussing the third exception to the mootness doctrine expressly requires only that a party will suffer some detriment due to the trial court's decision, which can be collateral legal consequences of the court order.

***Selective Way Ins. Co. v. Hosp. Grp. Servs., Inc.***, 119 A.3d 1035, 1040-42 (Pa.Super. 2015) (internal citations omitted).

In absence of proof of one of the exceptions, this Court is not empowered to decide the merits of moot questions or abstract propositions. [M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.

***Mistich v. Com., Pa. Bd. of Prob. & Parole***, 863 A.2d 116, 121 (Pa.Cmwlth. 2004) (internal citations omitted).[4]

As a preliminary matter, Appellants contend that the trial court erred by ruling on Appellee's motion to terminate escrow before their petition for injunctive relief. Appellants do not cite to any relevant authority for the proposition that the court was required to rule on motions from two separate

---

[4] "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." ***Petow v. Warehime***, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010), *appeal denied*, 608 Pa. 648, 12 A.3d 371 (2010).

actions in any particular order. (*See* Appellants' Brief at 23-24). Accordingly, this argument is waived. *See In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (reiterating: "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority").

Regarding Appellants' argument that the court erred by denying their petition for injunctive relief as moot, we note that Appellants filed the petition on the same day that Appellee filed the motion to terminate escrow. Further, counsel for Appellants clearly stated on the record during argument that the impetus for filing the petition for injunctive relief was to prevent the release of the partnership transfer documents from escrow. After the court granted Appellee's motion to terminate escrow, those documents were released from escrow. At that point, the action that Appellants were petitioning the court to enjoin—namely, the release of the documents from escrow—had already occurred. Thus, the requested relief was no longer feasible. Any order the court entered ruling on the issue would have had no legal force or effect because the documents were no longer in escrow. *See Selective Way Ins. Co., supra*. Thus, the court denied the petition as moot. The record supports the court's analysis concerning mootness. *See Summit Towne Ctr., Inc., supra*.

Further, with respect to Appellants' asserted exception to the mootness doctrine, it is unclear what detriment Appellants are claiming they will suffer because of the court's failure to decide their petition on the merits. To the

extent Appellants are claiming that the validity of the settlement agreement transfers had never been considered by any court, the record belies that assertion. We emphasize that Appellants had the opportunity to raise the issue of Barbara Linde's consent to the settlement transfers during the Specific Performance Action, and they did so. This Court affirmed the trial court's finding that Scott Linde, if anyone, was obligated to notify Barbara Linde of the settlement transfers. ***See Linde, supra***. Because the issue raised in Appellants' petition for injunctive relief had already been decided, Appellants suffer no detriment from the court's dismissal of their petition as moot. Accordingly, we affirm the trial court's order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/20/2021*